COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| HELENA CHEMICAL COMPANY, | § | |
| Appellant, | § | No. 08-25-00003-CV |
| v. | § | Appeal from the |
| | § | 112th District Court |
| PHILLIP BALES, DEREK DIERINGER, WILBERT DIERINGER, MICHAEL HOCH, CMH FARMS, INC. MH FARMS SERVICES, INC., WHIT BRADEN, DONALD BRADEN, and STREICHER FARMS, INC., | § | of Reagan County, Texas |
| | § | (TC# 1923) |
| | § | |
| Appellees. | § | |
| | § | |

## MEMORANDUM OPINION

In the underlying lawsuit, Appellees, who are residents, farmers, and landowners, filed suit against Helena Chemical Company (and other defendants who are not parties here), based on toxic tort, negligence, and other causes of action. Appellees generally assert that Helena Chemical's aerial application of an herbicide negligently spread onto their cotton fields and other property proximately causing damage to their cotton crops and crop yields. Before the Court is Helena Chemical's petition for permissive appeal. Helena Chemical seeks permission to appeal the trial court's interlocutory order denying its no-evidence motion for summary judgment, which the trial court certified for appeal. For the reasons that follow, we deny the petition.

Generally, appeals may be taken only from final judgments unless a statute authorizes an interlocutory appeal. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem Code Ann. § 51.014 (listing permissible interlocutory appeals). Among the types of orders permitting an interlocutory appeal, a broad exception authorizes a permissive appeal from an order "not otherwise appealable[.]" Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). On a party's motion or on its own initiative, a trial court in a civil action may permit an appeal if:

(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d); *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). A trial court's grant of permission to appeal must be stated in a written order. *See* Tex. R. Civ. P. 168.

When the trial court permits such appeal, the party seeking to appeal must then file a petition in the court of appeals. *See* Tex. R. App. P. 28.3(a). To be entitled to a permissive appeal, the requesting party must establish, among other requirements, that the interlocutory order sought to be appealed involves a "controlling question of law as to which there is a substantial ground for difference of opinion[.]" *See* Tex. R. App. P. 28.3(e)(4). Permission for interlocutory appeal is thus obtained at both levels, from the trial court and the court of appeals.

Appellate courts strictly construe requests of this type because statutes allowing for interlocutory appeal are exceptions to the general rule providing that only final judgments are appealable. *Sabre Travel*, 567 S.W.3d at 736 ("A departure from the final judgment rule in the form of an interlocutory appeal must be strictly construed because it is 'a narrow exception to the general rule that interlocutory orders are not immediately appealable.'"); *see also In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 461 (Tex. 2008)

("Appellate courts cannot afford to grant interlocutory review of every claim that a trial court has made a pre-trial mistake."). Even when requirements are met, the appellate court must still agree to hear the appeal. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(f); *Indus. Specialists, LLC v. Blanchard Ref. Co.*, 652 S.W.3d 11, 16 (Tex. 2022) (providing that even if the two requirements *are* satisfied, "the statute then grants courts vast—indeed, unfettered—discretion to accept or permit the appeal."). If a court of appeals does not accept an appeal, it must state the specific reason for finding that the appeal is not warranted under the statute. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(g).

Here, in its order granting permission to appeal, the trial court identified the following controlling question of law as to which there is a substantial ground for difference of opinion: "does the Texas Supreme Court's holding in *Helena Chemical Company v. Cox*, 664 S.W.3d 66 (Tex. 2023), dictate that [Appellees'] expert scientific testimony is unreliable as a matter of law and amounts to no evidence of causation?" In seeking permissive appeal, Helena Chemical claims that *Cox* is a companion case to the suit at hand. It urges this suit was filed at the same time as *Cox*, and Appellees raise identical claims as brought in *Cox*. Even more specifically, it maintains that Appellees offer the same experts, same deposition testimony, and nearly identical lay testimony as in *Cox*. It asserts that evidence that was held by the Supreme Court to be "no evidence of causation" in *Cox* is still "no evidence" when offered in support of the same challenged element brought merely in another county. In short, Helena Chemical contends that *Cox* provides controlling precedent in its favor, and such authority obligated the trial court to rule in its favor on its motion for summary judgment.

In response, Appellees oppose Helena Chemical's petition for permissive appeal. They contend the facts and circumstances of this suit involving crops in Reagan County are markedly different from the facts examined in Mitchell County as was done in *Cox*. Rather, they contend that *Cox* merely examined facts and circumstances relating to a different case in a different county. They maintain that the Supreme

Court in *Cox* neither altered long-standing Texas law relating to the admissibility of expert testimony in toxic tort cases generally, nor did it modify the standards for evaluating evidence produced in response to a no-evidence motion for summary judgment. Thus, Appellees urge that Helena Chemical has failed to establish the statutory prerequires that could support an interlocutory permissive appeal.

In resolving this petition, we begin with a brief review of *Cox*. There, cotton-farmer plaintiffs alleged that Helena Chemical's negligent, aerial-spraying of herbicide had proximately caused damage to acres of cotton fields, resulting in decreased revenue to the farmers based on reduced yields of cotton at harvest. *Id*. at 69. After holding an extensive hearing, the trial court granted Helena Chemical's motion to strike expert testimony and rendered a final take-nothing summary judgment against the cotton-farmer plaintiffs. *Id*. at 72. On direct appeal, the Eastland Court of Appeals reached a split outcome. *Id*. It largely reversed the trial court's judgment on negligence after reasoning that plaintiffs' expert evidence was reliable and therefore admissible to raise a genuine issue of fact related to the challenged element of causation. *Id*. But as to plaintiffs' claims for mental anguish damages and punitive damages, the court of appeals affirmed the trial court's take-nothing judgment. *Id*.

On discretionary review, the Texas Supreme Court affirmed in part and reversed in part, reinstating the summary judgment in favor of Helena Chemical. *Id*. at 69. After identifying the central inquiry as whether the plaintiffs' experts offered reliable evidence of causation, the Supreme Court found plaintiffs' expert testimony lacking. *Id*. at 82. Specifically, the Court identified "[plaintiffs'] witnesses offered no reliable way to extrapolate from the small number of positive lab tests any conclusion at all about the presence of clopyralid—much less Sendero—in the rest of the vast and scattered acreage for which recovery is sought." *Id.* at 77. Therefore, the Court concluded the evidence of causation offered by the plaintiffs' experts had failed to raise the genuine issue of material fact necessary to survive summary judgment and rendered a take-nothing judgment on all claims in favor of Helena Chemical. *Id.* at 82.

4

Relevant to our jurisdictional inquiry, we agree with Appellees that Helena Chemical fails to demonstrate how *Cox's* applicability as controlling precedent amounts to "a controlling question of law as to which there is a substantial ground for difference of opinion," as required for interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). As the statutory text has been interpreted by our sister courts of appeal, and on which we agree, settled questions of law are not proper for a permissive appeal because they are not subject to a substantial ground for difference of opinion. *See Workers' Comp. Sol. v. Texas Health, L.L.C.*, No. 05-15-01504-CV, 2016 WL 945571, *1 (Tex. App.—Dallas Mar. 14, 2016, no pet.)(mem. op.)(providing instead that substantial grounds for disagreement exists when there is disagreement among different courts). Moreover, § 51.014(d)'s requirement of a substantial ground for difference of opinion is not satisfied where the disagreement is solely between the parties of the dispute itself. *See Patel v. Patel*, No. 05-16-00575-CV, 2016 WL 3946932, at *2 (Tex. App.—Dallas July 19, 2016, no pet.) (mem. op.).

Contrary to the plain text of § 51.014(d)'s requirements, the standards applied to determine the admissibility of expert testimony in a toxic tort case are well-established. As *Cox* described, "expert testimony on scientific matters—such as the aerial drift of herbicide particles or the effect of herbicide exposure on plants—naturally must be *grounded in the methods and procedures of science*." *Cox*, 664 S.W.3d at 73 (quoting *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 557 (Tex. 1995) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993) (cleaned up) (emphasis added)); *see also* Tex. R. Evid. 702. As applicable to our inquiry, Helena Chemical does not explain how *Cox's* applicability is novel or difficult to ascertain, how the controlling law is doubtful, or whether there is little authority upon which the trial court could rely. *See Singh v. RateGain Travel Techs., Ltd.*, No. 05-23-01088-CV, 2023 WL 8642555, at *2 (Tex. App.—Dallas Dec. 14, 2023, no pet.). Indeed, it argues the opposite, contending "the Texas Supreme Court has already told the trial court and this Court how to

resolve [this case]." Whether or not such argument holds merit we cannot say at this juncture and we express no opinion here. Rather, we are bound to follow the plain text of the statute authorizing interlocutory appeals, and a permissive appeal from an otherwise unappealable interlocutory order is allowed only if "there is a substantial ground for difference of opinion" about "a controlling question of law." Tex. Civ. Prac. & Rem. Ann. § 51.014(d). Here, although the parties disagree about the soundness of the trial court's ruling, the *question of law* underlying the ruling—that is, the admissibility of scientific evidence on causation—is well-settled and established by our Texas jurisprudence. *See Robinson*, 923 S.W.2d at 557; Tex. R. Evid. 702.

For these reasons, we conclude that Helena Chemical has failed to establish the order at issue involves questions of law as to which there is a substantial ground for difference of opinion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d), (g). Accordingly, we deny the petition for permissive appeal and dismiss the appeal. *See* Tex. R. App. P. 28.3(e)(4), 42.3(a).

GINA M. PALAFOX, Justice

June 30, 2025

Before Salas Mendoza, C.J., Palafox, J., and Rodriguez, C.J. (Ret.)
Rodriguez, C.J. (Ret.) (sitting by assignment)

6